SUHRHEINRICH, Circuit Judge,
concurring.
I fully concur in Judge Ludington’s opinion, but write briefly to respond to the dissent. Contrary to the dissent’s assertion, this case is about three rules—Fed. R. Civ. P. 56, Fed. R. Civ. P. 65(d), and the mootness doctrine. As the majority opinion *414 points out, when a request for an injunction is challenged on summary judgment, the non-moving party that seeks the injunction must provide evidence supporting his claim for relief. Here, Ohio Bell argued in its motion for summary judgment that there was no factual support for the Secretary’s request for a broad injunction prohibiting Ohio Bell from committing any future violations of § 11(c)(1) of the Act. As the majority opinion notes, the only proof the Secretary produced in response was a declaration from an OSHA employee stating that since this lawsuit has been filed, OHSA has continued to receive § 11(c) complaints against Ohio Bell “with fact patterns similar to those presented in this case.” The Secretary did not, however, indicate that he had investigated the new complaints and determined that they had merit, as he is required to do prior to bringing suit under § 11(c)(2). Furthermore, he failed to make any factual proffer to support his assertion that the complaints were similar to those in this case, as he is required to do as the non-movant under Federal Rule of Civil Procedure 56. This failure not only defeats his request for an overly-broad injunction, but confirms that the grant of summary judgment was otherwise proper because Ohio Bell gave the underlying complainants the relief sought on their behalf by the Secretary and the Secretary failed to create a fact question that such violations were likely to continue in the future such that a permanent injunction was warranted.
Quite simply, the Secretary failed to show on summary judgment that, once Ohio Bell compensated the complainants for lost wages while on unpaid leave, expunged the record of discipline from each of the employees’ files, and revised its workplace safety rules in conjunction with OHSA, future violations of Rule 11(c)(1) were likely to recur. Thus, the case was moot, and the Secretary’s overly-broad request for injunctive relief could not resurrect any claim.